# EXHIBIT C

# POLINO and PINTO, P.C.

### Attorneys at Law
Moorestown Times Square
720 East Main Street, Suite 1C
Moorestown, NJ 08057

RECEIVED

FEB 21 2019

Comerica Corporate Legal

Joseph F. Polino
Joseph M. Pinto*

*Also a member of PA Bar

Telephone (856) 727-1777
Telecopier (856) 727-1546
jfpolino@prodigy.net

February 14, 2019

Comerica Bank
1717 Main Street
Comerica Bank Tower, MC6578
Dallas, TX 75201

*Via Certified and
Regular Mail*

RE:   **Patricia Zega and Robert Zega v. The Davis
Law Group, et al.,; Superior Court of New Jersey,
Burlington County; Docket No. BUR-L-352-19**

Dear Comerica Bank:

Enclosed please find a Summons, Complaint, Lawyer Referral Service list, Track Assignment
Notice and an Acknowledgment of Service in the above matter. Please note that an answer
to the Complaint must be filed within 35 days of the date of service or default may be
entered for the relief demanded therein. Please sign the Acknowledgment of Service and
return same to me in the enclosed envelope.

Very truly yours,

JOSEPH M. PINTO
JMP:dm
Enclosures

POLINO and PINTO, P.C.
A Professional Corporation
Attorneys at Law
720 East Main Street, Suite 1C
Moorestown, NJ 08057
(856) 727-1777
By:   Joseph M. Pinto, Esquire/012951977
      Attorneys for Plaintiffs

| | | |
|---|---|---|
| PATRICIA ZEGA and | : | SUPERIOR COURT OF NEW JERSEY |
| ROBERT ZEGA, h/w, | | BURLINGTON COUNTY |
| | : | LAW DIVISION |
| Plaintiffs | | |
| | : | DOCKET NO. BUR-L-352-19 |
| v. | | Civil Action |
| | : | |
| THE DAVIS LAW GROUP, P.C.; | : | |
| DEBT MANAGEMENT, L.L.C.; | | |
| GLOBAL CLIENT SOLUTIONS, L.L.C.; | : | |
| BRIAN J. DAVIS; STANFORD | | |
| HUGGINS; LAURENCE GRECA; | : | |
| COMERICA BANK; JOHN DOE(S) | | |
| 1-100, said name of John Doe(s) being | : | |
| fictitious | : | |
| Defendants | : | **ACKNOWLEDGMENT OF SERVICE** |

TO:   Joseph M. Pinto, Esquire
      Polino and Pinto, P.C.
      720 East Main Street, Suite 1C
      Moorestown, NJ 08057

Receipt of the Summons, Complaint, Track Assignment Notice and Lawyer Referral Service list in the above-captioned matter are hereby acknowledged this _____ day of February, 2019.

Comerica Bank

By:_____

_____
(Print name)

POLINO and PINTO, P.C.
A Professional Corporation
Attorneys at Law
720 East Main Street, Suite 1C
Moorestown, NJ 08057
(856) 727-1777
By:    Joseph M. Pinto, Esquire/012951977
     Attorneys for Plaintiffs

| | | |
|---|---|---|
| PATRICIA ZEGA and<br>ROBERT ZEGA, h/w, | : | SUPERIOR COURT OF NEW JERSEY<br>BURLINGTON COUNTY<br>LAW DIVISION |
| Plaintiffs | : | |
| | : | DOCKET NO. BUR-L-352-19<br>Civil Action |
| v. | : | |
| | : | |
| THE DAVIS LAW GROUP, P.C.;<br>DEBT MANAGEMENT, L.L.C.;<br>GLOBAL CLIENT SOLUTIONS, L.L.C.;<br>BRIAN J. DAVIS; STANFORD<br>HUGGINS; LAURENCE GRECA;<br>COMERICA BANK; JOHN DOE(S)<br>1-100, said name of John Doe(s) being<br>fictitious | : | |
| | : | |
| | : | |
| | : | |
| Defendants | : | SUMMONS |

THE STATE OF NEW JERSEY, TO THE ABOVE NAMED DEFENDANT(S):
**COMERICA BANK**

     The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The Complaint attached to this Summons states the basis for this lawsuit. If you dispute this Complaint, you or your attorney must file a written answer or motion and proof of service with the Deputy Clerk of the Superior Court in the county listed above within 35 days from the date you received this Summons, not counting the date you received it. (The address of each Deputy Clerk of the Superior Court is provided.) If the Complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the Deputy Clerk of the Superior Court ) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to the plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement ) if you want the Court to hear your defense.

     If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford to pay an attorney, call a Legal Services Office. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

Michelle M. Smith, Clerk
Superior Court of New Jersey

Date:     February 14, 2019

Name of Defendant to be served:     **COMERICA BANK**
Address for Service:                **1717 Main Street**
                                    **Comerica Bank Tower, MC 6578**
                                    **Dallas, TX 75201**

2

BURLINGTON COUNTY
SUPERIOR COURT
49 RANCOCAS ROAD
MT HOLLY        NJ 08060

TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (609) 288-9500
COURT HOURS  8:30 AM - 4:30 PM

DATE:    FEBRUARY 13, 2019
RE:      ZEGA PATRICIA  VS THE DAVIS LAW GROUP,  P.C.
DOCKET: BUR L -000352 19

THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

DISCOVERY IS  300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

THE PRETRIAL JUDGE ASSIGNED IS:  HON JANET Z. SMITH

IF YOU HAVE ANY QUESTIONS, CONTACT TEAM    003
AT:  (609) 288-9500.

IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.

ATTENTION:

ATT: JOSEPH M. PINTO
POLINO & PINTO, PC
720 EAST MAIN STREET
SUITE 1C
MOORESTOWN      NJ 08057

ECOURTS

# SUMMONS LIST

**ATLANTIC COUNTY**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., 1st Fl.
Atlantic City, NJ 08401
LAWYER REFERRAL (609) 345-3444
LEGAL SERVICES (609) 348-4200

**BERGEN COUNTY**
Deputy Clerk of the Superior Court
Case Processing Section, Rm 119
Justice Center, 10 Main St.
Hackensack, NJ 07601-0769
LAWYER REFERRAL (201) 488-0044
LEGAL SERVICES (201) 487-2166

**BURLINGTON COUNTY**
Deputy Clerk of the Superior Court
Central Processing Office, Attn: Judicial
Intake
1st Fl., Courts Facility
49 Rancocas Rd.,Mount Holly, NJ
08060
LAWYER REFERRAL (609) 261-4862
LEGAL SERVICES (609) 261-1088

**CAMDEN COUNTY**
Deputy Clerk of the Superior Court
Civil Processing Office
1st Fl., Hall of Records, 101 S. Fifth St.
Camden, NJ 08103
LAWYER REFERRAL (856) 964-4520
LEGAL SERVICES (856) 964-2010

**CAPE MAY COUNTY**
Deputy Clerk of the Superior Court
Central Processing Office
9 N. Main St., Box DN-209
Cape May Court House, NJ 08210
LAWYER REFERRAL (609) 463-0313
LEGAL SERVICES (609) 465-3001

**CUMBERLAND COUNTY**
Deputy Clerk of the Superior Court
Civil Case Management Office
Broad & Fayette Sts., P.O. Box 615,
Bridgeton, NJ 08302
LAWYER REFERRAL (856) 692-6207
LEGAL SERVICES (856) 451-0003

**ESSEX COUNTY**
Deputy Clerk of the Superior Court
237 Hall of Records
465 Dr. Martin Luther King, Jr. Blvd.
Newark, NJ 07102
LAWYER REFERRAL (973) 622-6207
LEGAL SERVICES (973) 624-4500

**GLOUCESTER COUNTY**
Deputy Clerk of the Superior Court
Civil Case Management Office, Attn:
Intake
1st Fl., Court House, 1 North Broad St.
P.O. Box 129,Woodbury, NJ 08096
LAWYER REFERRAL (856) 848-4589
LEGAL SERVICES (856) 848-5360

**HUDSON COUNTY**
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
Brennan Court House - 1st Fl.
583 Newark Ave.,Jersey City, NJ 07306
LAWYER REFERRAL (201) 798-2727
LEGAL SERVICES (201) 792-6363

**HUNTERDON COUNTY**
Deputy Clerk of the Superior Court,
Civil Division
65 Park Ave., Flemington, NJ 08862
LAWYER REFERRAL (908) 735-2611
LEGAL SERVICES (908) 782-7979

**MERCER COUNTY**
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 S. Broad St., P.O. Box 8068
Trenton, NJ 08650
LAWYER REFERRAL(609) 585-6200
LEGAL SERVICES (609) 695-6249

**MIDDLESEX COUNTY**
Deputy Clerk of the Superior Court
Administration Building, 3rd Fl.
1 Kennedy Sq., P.O. Box 2633
New Brunswick, NJ 08903-2633
LAWYER REFERRAL (732) 828-0053
LEGAL SERVICES (732) 249-7600

**MONMOUTH COUNTY**
Deputy Clerk of the Superior Court
71 Monument Pk., P.O. Box 1262
Court House, East Wing
Freehold, NJ 07728-1262
LAWYER REFERRAL (732) 431-5544
LEGAL SERVICES (732) 866-0020

**MORRIS COUNTY**
Deputy Clerk of the Superior Court
Civil Division
30 Schuyler Pl., P.O. Box 910
Morristown, NJ 07960-0910
LAWYER REFERRAL (973) 267-5882
LEGAL SERVICES (973) 285-6911

**OCEAN COUNTY**
Deputy Clerk of the Superior Court
Court House, Rm. 119
118 Washington St.
Toms River, NJ 08754
LAWYER REFERRAL (732) 240-3666
LEGAL SERVICES (732) 341-2727

**PASSAIC COUNTY**
Deputy Clerk of the Superior Court
Civil Division, Court House
77 Hamilton St., Paterson, NJ 07505
LAWYER REFERRAL (973) 278-9223
LEGAL SERVICES (973) 345-7171

**SALEM COUNTY**
Deputy Clerk of the Superior Court
92 Market St., P.O. Box 18
Salem, NJ 08079

LAWYER REFERRAL (856) 678-8363
LEGAL SERVICES (856) 451-0003

**SOMERSET COUNTY**
Deputy Clerk of the Superior Court
Civil Division Office
New Court House, 3rd Fl., P.O. Box
3000
Somerville, NJ 08876
LAWYER REFERRAL (908) 685-2323
LEGAL SERVICES (908) 231-0840

**SUSSEX COUNTY**
Deputy Clerk of the Superior Court
Sussex County Judical Center
43-47 High St., Newton, NJ 07860
LAWYER REFERRAL (973) 267-5882
LEGAL SERVICES (973) 383-7400

**UNION COUNTY**
Deputy Clerk of the Superior Court
1st Fl., Court House, 2 Broad St.
Elizabeth, NJ 07207-6073
LAWYER REFERRAL (908) 353-4715
LEGAL SERVICES (908) 354-4340

**WARREN COUNTY**
Deputy Clerk of the Superior Court
Civil Division Office
Court House, 413 Second St.
Belvidere, NJ 07823-1500
LAWYER REFERRAL (973) 267-5882
LEGAL SERVICES (973) 475-2010

POLINO and PINTO, P.C.
A Professional Corporation
Attorneys at Law
720 East Main Street, Suite 1C
Moorestown, NJ 08057
(856) 727-1777
By:    Joseph M. Pinto, Esquire/012951977
       Attorneys for Plaintiffs

| | | |
|---|---|---|
| PATRICIA ZEGA and<br>ROBERT ZEGA, h/w, | : | SUPERIOR COURT OF NEW JERSEY<br>BURLINGTON COUNTY |
| | : | LAW DIVISION |
| Plaintiffs | | |
| | : | DOCKET NO. |
| v. | | Civil Action |
| | : | |
| THE DAVIS LAW GROUP, P.C.;<br>DEBT MANAGEMENT, L.L.C.;<br>GLOBAL CLIENT SOLUTIONS, L.L.C.;<br>BRIAN J. DAVIS; STANFORD<br>HUGGINS; LAURENCE GRECA;<br>COMERICA BANK; JOHN DOE(S)<br>I-100, said name of John Doe(s) being<br>fictitious | :<br><br>:<br><br>:<br><br>:<br><br>: | |
| Defendants | : | **COMPLAINT** |

Plaintiffs, PATRICIA ZEGA and ROBERT ZEGA, her husband, residing at 35

Branson Drive, Lincroft, New Jersey 07738, by way of Complaint against the defendants,

say:

## INTRODUCTION

The defendants created and engaged in a plan or scheme to defraud the residents of

the State of New Jersey and other states by performing unlawful debt adjustment and money

transmission activities and engaged in the unauthorized practice of law in the State of New Jersey. The defendants and their individual members, recruits, representatives, employees and agents employ and partners with both front-end lead generators and back-end service companies, financial institutions and other attorneys in New Jersey and other states to provide debt adjustment services as defined by New Jersey law creating the impression that these services are to be performed or provided by attorneys and licensed debt adjusters. In fact, these services are not performed by, nor were they ever intended to be performed by, attorneys and licensed debt adjusters.

This unlawful plan or scheme is in violation of the New Jersey Debt Adjustment and Credit Counseling Act, N.J.S.A. 17:16G-1, et seq. since these services are performed by for-profit entities or persons not permitted to operate such business in New Jersey under the Act.

Such debt adjustment activity further constitutes the unauthorized practice of law in the State of New Jersey.

Both violations constitute crimes under New Jersey law and are in violation of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1, et seq., the New Jersey Racketeer Influenced and Corrupt Organizations Act, N.J.S.A. 2C:41-1, et seq., the New Jersey Money Transmitters Act, N.J.S.A. 17:15C-1, et seq., and other State laws.

Plaintiffs seek recovery of monies paid to the defendants, other damages, and injunctive relief enjoining and restraining the defendants from conducting such business in New Jersey or with New Jersey residents from outside the State.

### FACTS

1.      Plaintiffs Patricia Zega and Robert Zega, her husband, New Jersey citizens

2

residing in Lincroft Township, executed a document entitled Engagement Agreement for Debt Resolution with defendant law firm calling itself The Davis Law Group, P.C. (hereinafter "Davis Law") of Staten Island, New York, 10306, on or about April 19, 2014 and other documents thereafter.

2.     This document stated it was an agreement to provide services for debt negotiation only, and not any other type of legal service or representation whatsoever.

3.     The plaintiffs were solicited to execute this document by defendant Debt Management L.L.C. (hereinafter "Debt Mg."), a marketing company located at 2653 Coney Island Avenue, Brooklyn, New York 11223, by sending plaintiffs a mailer.

4.     Defendant Davis Law is a law firm with an attorney licensed in the State of New York only, located at 470 Midland Avenue, Staten Island, New York 10306 and authorized defendant Debt Mg., either expressly or implicitly, directly or indirectly, to solicit New Jersey customers, including the plaintiffs, on its behalf.

5.     Defendant Brian J. Davis (hereinafter "Davis") directs and is responsible for the activities of defendant Davis Law and ensuring the firm's activities do not violate the law or ethical/professional rules.

6.     Plaintiffs received a mailer dated February 21, 2014 from Debt Mg. stating, among other things, that once plaintiffs contacted Debt Mg. it would have authorization to restructure plaintiffs' open balances of $42,500 to $21,250 on their behalf directly with plaintiffs' creditors.

7.     Plaintiff Patricia Zega contacted Debt Mg. and discussed the content of the mailer with defendant Stanford Huggins, a Senior Financial Advisor, for defendant Debt

3

Mg., who followed up by sending additional correspondence to them dated March 20, 2014 and April 14, 2014 continuing to solicit plaintiffs for debt management services.

8.      At defendant Huggins' request, plaintiffs gave him financial information concerning debts and income and Huggins forwarded a letter to the plaintiffs congratulating them for taking the first step to hiring defendant Davis Law to assist them in resolving their financial troubles. The letter enclosed data collection forms and a full engagement agreement for Davis Law, and set forth an estimated payment schedule. Huggins stated he would call later to go over the documents and review them with the plaintiffs. The documents could then be faxed or emailed back to him.

9.      Plaintiff was next contacted by defendant Laurence Greca who stated he was an authorized representation of Davis Law and, although not a lawyer, he was a notary licensed in New Jersey, experienced in processing documents, and while not acting as a notary in this instance, he was a representative of defendant Davis Law and would provide plaintiffs with a sales presentation and supervise the signing of the contract for debt settlement and bankruptcy services with the law firm. Defendant Greca is the owner of defendant Debt Mg. and is described in documents provided to the plaintiffs as a consultant.

10.     The engagement agreement document provided that the plaintiffs would make payments for 42 months, an initial payment of $1,156.71 and 41 payments of $897.51 for a total of $37,954.62, which would be held in an escrow account by defendant Global Client Solutions, L.L.C. (hereinafter "Global") to be used to pay legal, transactional and administrative fees and payments to creditors on the debts.

11.     Defendant Global is a for-profit limited liability company formed in Oklahoma in 2003 and located at 4500 South 129th East Avenue, Suite 177, Tulsa, Oklahoma 74134.

4

It is neither registered to do business in New Jersey nor does it maintain an office in this state.

12.　　Plaintiffs had to sign a separate set of documents with defendant Global entitled a Dedicated Account Agreement and application giving Global permission to directly deduct the monthly payments from plaintiffs' bank account in Santander Bank and deposit the funds in an escrow account in a bank in Oklahoma from which Global would deduct and pay fees to itself, legal fees to Davis Law, any other fees that might arise and payments to creditors.

13.　　The total of plaintiffs' debt which was to be negotiated by Davis Law was $60,131.49. The amount of legal fees to be paid to Davis Law at a minimum was $13,478.93. Global was to receive administrative and other transactional fees.

14.　　Between May 2014 and August 2017, defendant Global deposited the sum of $56,294.83 of plaintiffs' funds into the dedicated account established in defendant Comerica Bank of Dallas, Texas, in the name of Global Client Solutions, L.L.C., Administrator - Master Account for Consumers on File Deposit Account.

15.　　From that amount, Global disbursed to plaintiffs' creditors between November 2014 and August 2017 the sum of $38,750.89.

16.　　Between May 2014 and November 2017, defendant Global disbursed legal fees from the dedicated account totaling $15,028.83.

17.　　The balance of the funds in the dedicated account of $2,515.11 were disbursed by Global as administrative, transactional and bank fees which Global retained.

18.　　A.　　Global markets and advertises itself as follows: It is a service provider to

5

debt settlement companies providing account management services for their customers. It is one of the largest account management companies in the United States and has developed and implemented its account management services specifically for the purpose of debt resolution, utilizing among other things non-interest bearing special purpose or dedicated accounts (hereinafter "SPA") which it claims are insured by the FDIC. SPA's are disbursement accounts where monies are deposited usually through direct deposit arrangements with customers of the debt settlement companies. Monies are disbursed from the SPA's to pay its fees and those of the debt settlement companies and creditors and other front-end or back-end affiliates of these parties and their employees, agents or servants. Global claims not to be associated with independent debt settlement companies. It markets itself as having created some of today's most cutting edge debt settlement account management products and is recommended by over 500 highly regarded debt settlement companies. These debt settlement companies receive benefits such as improved cash flow with separation of debts and company fees, improved retention rate, decrease in overall servicing costs, less time managing client account information, decrease client set-up time, web-based software interface and open integration with debt management software packages. Disbursement of SPA's are made only with the approval of the clients of the debt settlement companies, but those companies have access to the account information. Global maintains and operates debt management accounts for hundreds of third party businesses that offer debt adjusting services, utilizing electronic withdrawal of funds from a debtors account or receipt of funds forwarded by other means from the debtor and deposits these funds in a Special Purchase or Dedicated Account, administered and maintained by Global.

6

19. Performance of debt adjustment and credit counseling services in New Jersey is regulated by the New Jersey Debt Adjustment and Credit Counseling Act, N.J.S.A. 17:16G-1, et seq. (hereinafter "the Act") and the regulations promulgated by the Commissioner of the Division of Banking and Insurance as authorized under N.J.S.A. 17:16G-4.

20. Under New Jersey law, no person other than a non-profit social service agency or a non-profit credit counseling agency shall act as a debt adjuster, N.J.S.A. 17:16G-2(a), and such agencies must first obtain a license to do so from the Department of Banking and Insurance, N.J.S.A. 17:16G-2(b).

21. A debt adjuster under New Jersey law means a person who either (a) acts or offers to act for a consideration as an intermediary between the debtor and his creditors for the purpose of settling, compounding or otherwise altering the terms of payment of any debts of the debtor or (b) who to that end receives money or other property from the debtor or on behalf of the debtor for payment to or distribution among the creditors of the debtor. N.J.S.A. 17:16G-1(c)(1).

22. An attorney at law admitted to practice in the State of New Jersey who is not principally engaged as a debt adjuster shall not be deemed a debt adjuster under the Act and therefore not subject to licensure.

23. The fees which a licensee may charge for debt adjustment services under the Act shall not exceed one percent of the gross monthly income of the person to whom the service is rendered, but in no case shall the fee exceed $15.00 per month, except as may be otherwise provided by rule or regulation promulgated by the Commissioner. The

7

Commissioner is authorized to set the maximum fee for credit counseling. N.J.S.A. 17:16G-6.

24.     Under N.J.A.C. 3:25-1.2, the fee for debt adjustment may not exceed $25.00 per month or $60.00 per month for credit counseling services.

25.     Any debtor injured by violation of the Act may bring a civil action for recovery of damages.

26.     Under the Act, every licensee acting as a debt adjuster shall disburse to the appropriate creditors all funds received from a debtor less any fees permitted by N.J.S.A. 17:16G-6 within ten days of receipt of those funds, maintain a separate trust account in a qualified bank as defined under paragraph 12 of N.J.S.A. 17:9A-1 in the name of the debt adjuster for the benefit of the debtors, serviced by the debt adjuster, and maintain an appropriate ledger book for the trust account required, having at least one single page for each debtor with the appropriate entries of all deposits into and disbursements from each debtor's account, including copies of all records showing disbursements to creditors and receipts from debtors which legible records shall be maintained in accordance with generally accepted accounting principals for not less than six years following the close of each debtor's account.

27.     Under N.J.S.A. 2C:21-19(f) (and N.J.A.C. 3:25-3.1(d)), any person who shall act or offer to act as a debt adjuster without a license as required by the Act unless exempted from licensure pursuant to the Act shall be guilty of a crime of the fourth degree.

28.     The New Jersey Money Transmitters Act, N.J.S.A. 17:15C-1, et seq. (the "Act") requires persons engaging in business in New Jersey of either (1) the receipt of money

8

for transmission or transmitting money within the United States or locations abroad by any

and all means, including but not limited to payment instrument, wire, facsimile, electronic

transfer or otherwise for a fee, commission or other benefit, or (2) the receipt of money for

obligors for the purpose of paying obligors' bills, invoices or accounts for a fee, commission or

other benefit paid by the obligor (N.J.S.A. 17:15C-2), to obtain a license (N.J.S.A. 17:15C-4)

and post a bond or other security N.J.S.A. 17:15C-6). The Act does not apply to licensed

debt adjusters N.J.S.A. 17:15C-3(a)(6) or banks N.J.S.A. 17:15C-3(a)(4)). Neither Global

nor the other defendants have money transmitters licenses allowing them to operate in New

Jersey which violation constitutes a crime of the third degree under the Act, N.J.S.A. 17:15C-

24.

     29.    The actions of and the services provided by defendants Davis Law, Global,

Comerica Bank, Debt Mg., Davis, Huggins and Greca and all of their individual servants,

agents and employees are those of debt adjusters and money transmitters as defined by New

Jersey statute.

     30.    None of the defendants are licensed by the Commissioner of the Department

of Banking and Insurance to perform debt adjustment or any other services, nor are they

qualified to do so as they are not non-profit social service agencies or consumer credit

counseling agencies as defined under N.J.S.A. 17:16G-1.

     31.    Defendant Davis Law and Davis are not attorneys at law of the State of New

Jersey and were principally engaged as debt adjusters, thus, they are not exempt from the

licensing requirement of the statute and also are engaged in the unauthorized practice of law

in the State of New Jersey.

9

32.     The business of debt adjustment and provision of debt resolution services are considered the practice of law under the laws of the State of New Jersey.

33.     The defendants Davis Law, Global, Comerica Bank, Debt Mg., Davis, Huggins and Greca and their agents, servants and employees, by operating as a business providing debt adjustment and resolution services, are engaged in the unauthorized practice of law.

34.     Under N.J.S.A. 2C:21-22(a), a person is guilty of a disorderly persons offense if the person knowingly engages in the unauthorized practice of law and under subsection (b) is guilty of a crime of the fourth degree if the person knowingly engages in the unauthorized practice of law and creates the false impression that the person is licensed to practice law or derives a benefit or in fact causes injury to another.

35.     Defendants Davis Law, Global, Comerica Bank, Debt Mg., Davis, Huggins and Greca have also engaged in a criminal conspiracy as defined by N.J.S.A. 2C:5-2 by formulating, promoting, facilitating and engaging in the crimes of unlawful debt adjustment and the unauthorized practice of law.

36.     Defendants Davis Law, Global, Comerica Bank, Debt Mg., Davis, Huggins and Greca created the basic plan and operating procedure to engage in the debt adjustment business within the State of New Jersey and other states.  Davis Law and Davis utilized their status as attorneys to gain a competitive advantage in the debt adjustment marketplace and deceive consumers.

37.     Consumers in New Jersey and other states were misled into believing they were being represented by attorneys authorized to do business in New Jersey as debt adjusters and thus would receive the professional services expected from an attorney by the general public.

10

38.    In fact, none of the defendants provided legal services or any legal advice to plaintiffs or any New Jersey or other customers, nor did they ever intend to do so.

39    Defendants Davis Law and Davis and their non-attorney employees and agents were to hold plaintiffs funds in the dedicated account for distribution for fees, costs and possible debt reduction payments to creditors.

40.    The defendants created a marketing and promotion program to attract debtors through all forms of advertising in the media and contracting with lead providers for the purpose of selling debt resolution services throughout New Jersey and the United States.

41.    The customers were asked for information on the type and amount of indebtedness, their employment and income, their social security number for purposes of obtaining a credit report, their checking account number, the bank routing number and an email address. They were told this information would be reviewed for a determination of whether the customer qualified to participate in the plan. Customers were advised that, if accepted, they would pay money every month to be accumulated in an account which would be used for the purposes of negotiating with creditors and would pay a small percentage of the debt including fees. Customers were not told that creditors might not accept any negotiation of the debt.

42.    The information obtained about the customer was utilized to determine how much the customers would pay. No one was accepted for a plan unless they had at least $10,000 in debt. The information was inserted into a payment calculator which determined how much the customer would pay without any consideration of the customer's personal circumstances and without any contact with the creditors.

11

43. Once the documents were signed, the customer was advised (1) that any future contacts were to be through Davis Law or Debt Mg.; (2) to avoid all contacts with creditors; (3) not to negotiate with the creditors; and (4) missing payments would disqualify the customer from the program.

## COUNT ONE
### New Jersey RICO Law

44. Plaintiff repeats the allegations of the first 43 paragraphs of the Complaint and incorporate the same by reference as if set forth at length herein.

45. All of the defendants are debt adjusters as defined under N.J.S.A. 17:16G-1(c)(1) and Global and Comerica are money transmitters as defined by the Money Transmitters Act.

46. All defendants are enterprises either separately and/or in unison as defined under N.J.S.A. 2C:41-1(c).

47. At all relevant times, all defendants were engaged in trade or commerce or in activities affecting trade or commerce in connection with the sale of debt adjustment services in the State of New Jersey to New Jersey residents and residents of other states.

48. The defendants are persons as defined by N.J.S.A. 2C:41-2(b).

49. These persons were either employed by or associated with each other and conducted or participated directly or indirectly in the conduct of the affairs of these enterprises through a pattern of racketeering activity in violation of N.J.S.A. 2C:41-2(c) and received income derived directly or indirectly from a pattern of racketeering activity by engaging in crimes under Chapter 20 and Chapter 21 of Title 2C of the New Jersey Statutes.

50. All the defendants have, among other things, engaged in a pattern of

12

racketeering, including criminal conduct that has either the same or similar purposes, results, participants, victims, methods of commission or are otherwise inter-related by distinguishing characteristics and are not isolated incidents.

51.    The criminal conduct includes, but is not limited to, violation of the following New Jersey Statutes:

A.    Theft by deception, N.J.S.A. 2C:20-4;

B.    Deceptive business practices, N.J.S.A. 2C:21-7(h) by making false and misleading written statements for the purposes of obtaining property;

C.    Falsifying records or uttering any writing or record knowing that it contains a false statement or information with purpose of deceive or injury anyone or to conceal any wrongdoing, N.J.S.A. 2C:21-4(a);

D.    Engaging in bank fraud, 18 U.S.C. 1344;

E.    Engaging in wire fraud, 18 U.S.C. 1343;

F.    Issuing false financial statements, N.J.S.A. 2C:21-4(b);

G.    Making false or misleading statements in any advertisement addressed to the public or to a substantial segment thereof for the purpose of promoting the purchase or sale of services, N.J.S.A. 2C:21-7e;

H.    Selling, offering or exposing for sale or delivery less than the represented quantity of services, N.J.S.A. 2C:21-7b;

I.    Applying or disposing of property that has been entrusted to one as a fiduciary in the manner one knows is unlawful and involves substantial risk of loss or detriment to the owner of the property or to a person for whose benefit the property was entrusted, whether or not the actor has derived a pecuniary benefit, N.J.S.A. 2C:21-15;

13

J.      Causing or inducing another by deception as to the contents of the instrument to execute the instrument effecting or purposely to effect or likely to effect the pecuniary interest of the person, N.J.S.A. 2C:21-16;

K.      Impersonating another or assuming a false identity to obtain a benefit for one's self or another or to injure or defraud another, N.J.S.A. 2C:21-17(a)(1), (2), (3), (4) and (5);

L.      Acting or offering to act as a debt adjuster without a license and without qualifying for any exemption from the license requirement, N.J.S.A. 2C:21-19(f);

M.      Knowingly engaging in the unauthorized practice of law, N.J.S.A. 2C:21-22(a);

N.      Knowingly engaging in the unauthorized practice of law and creating or reinforcing a false impression that the person is licensed to engage in the practice of law or derives a benefit therefrom or in fact causes injury to another, N.J.S.A. 2C:21-22(b)(1), (2) and (3);

O.      Transporting or possessing property known or which a reasonable person would believe to be derived from criminal activity, N.J.S.A. 2C:21-25(a), (b)(1), (2)(a), (b), (c) and (d);

P.      Conspiracy to commit the aforesaid crimes, N.J.S.A. 2C:5-2 and all its subparts;

Q.      Conspiring to violate any of the provisions of N.J.S.A. 2C:41-2(c);

R.      Engaging in fraud or swindles, 18 U.S.C. 1341;

S.      Engaging in a conspiracy to fraud and swindle, 18 U.S.C. 1349; and

14

        T.     Knowing and willfully violating the Money Transmitters Act, N.J.S.A.

17:15C-24.

    52.    The acts undertaken by the defendants in furtherance of racketeering activity

include, but are not limited to:

        A.     Recruiting front-end and back-end affiliates to commit violation of the

aforesaid crimes, which include lead generators, debt relief companies and service companies

and their agents, servants and employees;

        B.     Lending a name to others for the purpose of creating a false pretense

that legal and debt adjustment services are being performed by an attorney solely incidental

to that attorney's practice of law thereby ostensibly exempting the services from the licensing

requirement;

        C.     Marketing and soliciting materials and preparing and providing

documentation and making oral representations giving the false impression the person was

being represented by an attorney or licensed debt adjuster;

        D.     Unlawfully engaging in the solicitation of clients for a law firm;

        E.     Unlawfully managing, counseling, selling, pro rating or liquidating of

the indebtedness of a debtor and involving a designated third party's receipt of debtor's

funds for the purpose of distributing said funds among creditors in payment of debt

obligations;

        F.     Conspiracy to carry out an unlawful business scheme described in this

Complaint;

        G.     Falsely promising to provide debt relief services and accepting money

15

from debtors in reliance on those promises;

H.    Receiving or paying commissions, fees and other renumeration for unlawful services rendered by defendants to debtors;

I.    Advertising, marketing, promoting and providing contracts and other documentation which falsely create an illusion or impression that debt relief services are being or will be lawfully performed, constitute the practice of law or being performed incidental to the practice of law;

J.    Collecting illegal fees, charges and costs for performing illegal services and services not permitted by law;

K.    Accepting money from New Jersey residents or residents of other states doing business with the defendants within the State of New Jersey or with connection to the State of New Jersey knowing that it is unlawful to do so;

L.    Conspiracy with and amongst themselves and others to violate the provisions of N.J.S.A. 2C:41-2(d); and

M.    Receiving income or proceeds directly from the pattern of racketeering.

WHEREFORE, the plaintiff demands judgment:

A.    Finding that the acts and omissions of the defendants constitute multiple violations of Civil RICO, N.J.S.A. 2C:41-1, et seq.;

B.    Finding that the acts and omissions of the defendants constitute multiple instances of unlawful practices in violation of the Consumer Fraud Act, N.J.S.A. 56:8-1, et seq.;

C.    Permanently enjoining and restraining the named defendants, and

16

defendants John Doe(s) 1-100, said names being fictitious, being defined as their owners,

officers, directors, shareholders, founders, managers, agents, servants, employees,

representatives, independent contractors, co-conspirators and all other persons or entities

directly or indirectly under their control or participating in the unlawful plan and scheme

from engaging in, continuing to engage in or doing any of the acts or practices set forth in

this Complaint;

        D.     Freezing all assets of the defendants wherever located and preventing

defendants from engaging in any act of disposition of those assets in accordance with

N.J.S.A. 56:8-8;

        E.     Disgorgement of all illegal fees, charges and costs and other funds not

already paid to creditors of the victimized plaintiff so as to restore to him any money

acquired by the unlawful acts of the defendants;

        F.     Compensatory and punitive damages and trebling of the damages of

plaintiff as permitted by the Consumer Fraud Act and New Jersey Civil RICO Act;

        G.     Requiring the defendants to pay all attorney's fees, costs and litigation

expenses incurred by the plaintiff;

        H.     Requiring defendants to pay pre-judgment interest on all of plaintiff's

damages;

        I.     Such other relief as the Court deems equitable and just under the

circumstances.

COUNT TWO
New Jersey Consumer Fraud Act

53.    Plaintiff repeats the allegations of the first 52 paragraphs of his Complaint and

17

incorporates the same by reference as if set forth at length herein.

54.     The defendants in the operation of this unlawful business scheme and plan and their individual actions as part thereof have engaged in unconscionable commercial practices and fraudulent activity, made false promises and misrepresentations and knowingly omitted facts as described above in violation of N.J.S.A. 56:8-2 which include but are not limited to those acts set forth above, which have damaged the plaintiff.

WHEREFORE, the plaintiff demands judgment:

A.     Finding that the acts and omissions of the defendants constitute multiple instances of unlawful practices in violation of the Consumer Fraud Act, N.J.S.A. 56:8-1, et seq.;

B.     Permanently enjoining and restraining the named defendants and defendants John Doe(s) 1-100, said names being fictitious, being defined as their owners, officers, directors, shareholders, founders, managers, agents, servants, employees, representatives, independent contractors, co-conspirators and all other persons or entities directly or indirectly under their control or participating in the unlawful plan and scheme from engaging in, continuing to engage in or doing any of the acts or practices set forth in this Complaint;

C.     Freezing all assets of the defendants wherever located and preventing defendants from engaging in any act of disposition of those assets in accordance with N.J.S.A. 56:8-8;

D.     Disgorgement of all illegal fees, charges and costs and other funds not already paid to creditors of the victimized plaintiff so as to restore to him any money

18

acquired by the unlawful acts of the defendants;

      E.     Compensatory and punitive damages and trebling of the damages of

plaintiff as permitted by the Consumer Fraud Act and New Jersey Civil RICO Act;

      F.     Requiring the defendants to pay all attorney's fees, costs and litigation

expenses incurred by the plaintiff;

      G.     Requiring defendants to pay pre-judgment interest on all of plaintiff's

damages;

      H.     Such other relief as the Court deems equitable and just under the

circumstances.

**COUNT THREE**
**New Jersey Debt Adjustment and Credit Counseling Act**
**and Money Transmitters Act**

55.    Plaintiff repeats the allegations of the first 54 paragraphs of his Complaint and

incorporates the same by reference as if set forth at length herein.

56.    The acts of the defendants have damaged the plaintiff who is entitled to

recover his damages pursuant to N.J.S.A. 17:16G-8 and the provisions of the New Jersey

Money Transmitters Act.

WHEREFORE, the plaintiff demands judgment:

      A.     Finding that the acts and omissions of the defendants constitute

multiple instances of unlawful practices in violation of the New Jersey Credit Counseling and

Debt Adjustment Act; N.J.S.A. 17:16G-1, et seq. and the New Jersey Money Transmitters

Act.

      B.     Permanently enjoining and restraining the named defendants, and

19

defendants John Doe(s) 1-100, said names being fictitious, being defined as their owners, officers, directors, shareholders, founders, managers, agents, servants, employees, representatives, independent contractors, co-conspirators and all other persons or entities directly or indirectly under their control or participating in the unlawful plan and scheme from engaging in, continuing to engage in or doing any of the acts or practices set forth in this Complaint;

        C.     Freezing all assets of the defendants wherever located and preventing defendants from engaging in any act of disposition of those assets in accordance with N.J.S.A. 56:8-8;

        D.     Disgorgement of all illegal fees, charges and costs and other funds not already paid to creditors of the victimized plaintiff so as to restore to him any money acquired by the unlawful acts of the defendants;

        E.     Compensatory and punitive damages and trebling of the damages of plaintiff as permitted by the New Jersey Debt Adjustment and Credit Counseling Act, the New Jersey Money Transmitters Act, the Consumer Fraud Act and New Jersey Civil RICO Act;

        F.     Requiring the defendants to pay all attorney's fees, costs and litigation expenses incurred by the plaintiff;

        G.     Requiring defendants to pay pre-judgment interest on all of plaintiff's damages;

        H.     Such other relief as the Court deems equitable and just under the circumstances.

20

## COUNT FOUR
### Civil Conspiracy

57.     Plaintiff repeats the allegations of the first 56 paragraphs of the Complaint and incorporates the same by reference as if set forth at length herein.

58.     The defendants, acting in concert, committed the aforesaid unlawful acts or lawful acts by unlawful means for the purpose of injuring the plaintiffs.

59.     Defendants understood the objectives of the conspiracy, accepted and agreed, either explicitly or implicitly, to do their part to further those objectives.

60.     As a result thereof, the plaintiff has suffered damages.

WHEREFORE, the plaintiff demands judgment:

A.     Finding that the acts and omissions of the defendants constitute multiple instances of unlawful practices in violation of the aforesaid New Jersey laws and that defendants conspired to commit such violations;

B.     Permanently enjoining and restraining the named defendants, and the defendant John Doe(s) 1-100, said names being fictitious, being defined as their owners, officers, directors, shareholders, founders, managers, agents, servants, employees, representatives, independent contractors, co-conspirators and all other persons or entities directly or indirectly under their control or participating in the unlawful plan and scheme from engaging in, continuing to engage in or doing any of the acts or practices set forth in this Complaint;

C.     Freezing all assets of the defendants wherever located and preventing defendants from engaging in any act of disposition of those assets in accordance with N.J.S.A. 56:8-8;

21

D. Disgorgement of all illegal fees, charges and costs and other funds not already paid to creditors of the victimized plaintiff so as to restore to him any money acquired by the unlawful acts of the defendants;

E. Compensatory and punitive damages and trebling of the damages of plaintiff as permitted by the Consumer Fraud Act and New Jersey Civil RICO Act and other New Jersey law;

F. Requiring the defendants to pay all attorney's fees, costs and litigation expenses incurred by the plaintiff;

G. Requiring defendants to pay pre-judgment interest on all of plaintiff's damages;

H. Such other relief as the Court deems equitable and just under the circumstances.

COUNT FIVE
Illegal Contract and Unjust Enrichment

61. Plaintiff repeats the allegations of the first 60 paragraphs of the Complaint and incorporate the same by reference as if set forth at length herein.

62. The purported contracts between the plaintiff and defendants were illegal under New Jersey law and are void *ab initio*.

63. Defendants will be unjustly enriched if permitted to retain the monies paid to them by the plaintiff or emanating from plaintiff's payments to other defendants as a result of the illegal and void contract. As a result thereof, plaintiff has suffered damages.

WHEREFORE, the plaintiff demands judgment:

A. Finding that the acts and omissions of the defendants constitute

22

multiple instances of unlawful practices in violation of the aforesaid New Jersey laws, that any contracts are illegal and that defendants have been unjustly enriched.

      B.    Permanently enjoining and restraining the named defendants, and defendant John Doe(s) 1-100, said names being fictitious, being defined as their owners, officers, directors, shareholders, founders, managers, agents, servants, employees, representatives, independent contractors, co-conspirators and all other persons or entities directly or indirectly under their control or participating in the unlawful plan and scheme from engaging in, continuing to engage in or doing any of the acts or practices set forth in this Complaint;

      C.    Freezing all assets of the defendants wherever located and preventing defendants from engaging in any act of disposition of those assets in accordance with N.J.S.A. 56:8-8;

      D.    Disgorgement of all illegal fees, charges and costs and other funds not already paid to creditors of the victimized plaintiff so as to restore to him any money acquired by the unlawful acts of the defendants;

      E.    Compensatory and punitive damages and trebling of the damages of plaintiff as permitted by the Consumer Fraud Act and New Jersey Civil RICO Act and other New Jersey law;

      F.    Requiring the defendants to pay all attorney's fees, costs and litigation expenses incurred by the plaintiff;

      G.    Requiring defendants to pay pre-judgment interest on all of plaintiff's damages;

23

H.      Such other relief as the Court deems equitable and just under the

circumstances.

## COUNT SIX
### Unconscionability

64.      Plaintiff repeats the allegations of the first 63 paragraphs of the Complaint and

incorporate the same by reference as if set forth at length herein.

65.      Any purported contracts between plaintiff and defendants are unconscionable,

both procedurally and substantively, and are therefore unenforceable and void.

66.      As a result of the illegal, unlawful and unconscionable acts of the defendants,

the plaintiff has suffered damages.

WHEREFORE, the plaintiff demands judgment:

A.      Finding that the acts and omissions of the defendants constitute

multiple instances of unlawful practices in violation of the aforesaid New Jersey laws and any

agreements directly or indirectly related thereto are unconscionable, unenforceable and void

ab initio;

B.      Permanently enjoining and restraining the named defendants, and

defendant John Doe(s) 1-100, said names being fictitious, being defined as their owners,

officers, directors, shareholders, founders, managers, agents, servants, employees,

representatives, independent contractors, co-conspirators and all other persons or entities

directly or indirectly under their control or participating in the unlawful plan and scheme

from engaging in, continuing to engage in or doing any of the acts or practices set forth in

this Complaint;

C.      Freezing all assets of the defendants wherever located and preventing

24

defendants from engaging in any act of disposition of those assets in accordance with

N.J.S.A. 56:8-8;

      D.     Disgorgement of all illegal fees, charges and costs and other funds not

already paid to creditors of the victimized plaintiff so as to restore to him any money

acquired by the unlawful acts of the defendants;

      E.     Compensatory and punitive damages and trebling of the damages of

plaintiff as permitted by the Consumer Fraud Act and New Jersey Civil RICO Act and other

New Jersey law;

      F.     Requiring the defendants to pay all attorney's fees, costs and litigation

expenses incurred by the plaintiff;

      G.     Requiring defendants to pay pre-judgment interest on all of plaintiff's

damages;

      H.     Such other relief as the Court deems equitable and just under the

circumstances.

POLINO and PINTO, P.C.

BY: _____
      Joseph M. Pinto, Esquire
      Attorney for Plaintiffs

Date:  February 13, 2019

## Certification

Pursuant to Rule 4:5-1, it is hereby certified that the matter in controversy is not the

subject of any other action pending in any Court or of a pending arbitration proceeding, nor

25

is any other action or arbitration proceeding contemplated. I am aware of no other parties who should be made a part of this action at the present time.

POLINO and PINTO, P.C.

By: _____
　　Joseph M. Pinto, Esquire
　　Attorney for Plaintiff

Date:  February 13, 2019

## Designation of Trial Counsel

Joseph M. Pinto, Esquire is hereby designated as trial counsel for plaintiffs in this action.

POLINO and PINTO, P.C.

By: _____
　　Joseph M. Pinto, Esquire
　　Attorney for Plaintiffs

Date:  February 13, 2019

## SPOLIATION NOTICE

### TO ALL DEFENDANTS

You are hereby given notice not to destroy, conceal or alter any paper or electronic files and other data generated by and/or stored on your computers and storage media (e.g., hard disks, floppy disks, backup tapes, Zip cartridges, CDs, DVDs, etc.), or any other electronic data, such as voice mail. As you know, your failure to comply with this notice can result in severe sanctions being imposed by the Court for spoliation of evidence or potential evidence.

Through discovery we expect to obtain from you a number of documents and things, including files stored on your computers and your computer storage media.

As part of our initial discovery efforts, you will soon receive initial interrogatories and

26

requests for documents and things, requests for admissions and other forms of discovery.

In order to avoid spoliation, you will need to provide the data requested on the original media, or on exact copies of that media (sometimes referred to as image, evidentiary, or mirror copies), and be able to prove that the copy matches the original in every respect. Do not reuse any media to provide this data.

Additionally, in order to avoid spoliation you may have to suspend certain normal computer maintenance procedures, including but not limited to such procedures as defragmenting hard drives, deleting internet cookies, deleting browser history and favorites, and running any "disk clean-up" processes.

Although we may bring a motion for an order preserving documents and things from destruction or alteration, your obligation to preserve documents and things for discovery in this case arises in law and equity independently from any order on such motion.

Electronic documents and the storage media on which they reside contain relevant, discoverable information beyond that which may be found in printed documents. Therefore, even where a paper copy exists, we will seek all documents in their electronic form along with information about those documents contained on the media. We also will seek paper printouts of only those documents that contain unique information after they were printed out (such as paper documents containing handwriting, signatures, marginalia, drawings, annotations, highlighting and redactions) along with any paper documents for which no corresponding electronic files exist.

Our discovery requests will ask for certain data on the hard disks, floppy disks and backup media used in your computers, some of which data are not readily available to an ordinary computer user, such as "deleted" files and "file fragments." As you may know, although a user may "erase" or "delete" a file, all that is really erased is a reference to that file in a table on the hard disk; unless overwritten with new data, a "deleted" file can be as intact on the disk as any "active" file you would see in a directory listing.

Accordingly, electronic data and storage media that may be subject to our discovery requests and that you are obligated to maintain and not alter or destroy, include but are not limited to the following:

### Introduction: Description of Files and File Types Sought

All digital or analog electronic files, including "deleted" files and file fragments, stored in machine-readable format on magnetic, optical or other storage media, including the hard drives or floppy disks used by your computers and their backup media (e.g., other hard drives, backup tapes, floppies, Jaz or Zip cartridges, CD-ROMs, DVDs) or otherwise, whether such files have been reduced to paper printouts or not. More specifically, you are to preserve all e-mails, both sent and received, whether internally or externally; all word-

27

processed files, including drafts and revisions; all spreadsheets, including drafts and revisions; all databases; all CAD (computer-aided design) files, including drafts and revisions; all presentation data or slide shows produced by presentation software (such as Microsoft PowerPoint); all graphs, charts and other data produced by project management software (such as Microsoft Project); all data generated by calendaring, task management and personal information management (PIM) software (such as Microsoft Outlook or Lotus Notes); all data created with the use of personal or portable data assistants (PDAs), such as Blackberry, PalmPilot, HP Jornada, Cassiopeia or any other Windows CE-based or Pocket PC device; all data created with the use of document management software; all data created with the use of paper and electronic mail logging and routing software; all Internet and Web browser-generated history files, caches and "cookie" files generated at the workstation of each employee and/or agent in your employ and on any and all backup storage media; and any and all other files generated by users through the use of computers and/or telecommunications, including but not limited to voice mail.

Further, you are to preserve any log or logs of network use by employees or otherwise, whether kept in paper or electronic form, and to preserve all copies of your backup tapes and the software necessary to reconstruct the data on those tapes, so that there can be made a complete, bit-by-bit "mirror" evidentiary image copy of the storage media of each and every personal computer (and/or workstation) and network server in your control and custody, as well as image copies of all hard drives retained by you and no longer in service, but in use at any time from six (6) years before the date the Complaint was filed to the present.

You are also to preserve and not destroy all passwords, decryption procedures (including, if necessary, the software to decrypt the files); network access codes, manuals, tutorials, written instructions, decompression or reconstruction software, and any and all other information and things necessary to access, view and (if necessary) reconstruct the electronic data we will request through discovery.

1.      Business Records: All documents and information about documents containing backup and/or archive policy and/or procedure, document retention policy, names of backup and/or archive software, names and addresses of any offsite storage provider.

A.      All e-mail and information about e-mail (including message contents, header information and logs of e-mail system usage) sent or received concerning the subject matter of this Complaint;

B.      All databases (including all records and fields and structural information in such databases), containing any reference to and/or information about or related to the subject matter of this Complaint;

C.      All logs of activity (both in paper and electronic formats) on computer systems and networks that have or may have been used to process or store electronic data containing information about or related to the subject matter of this Complaint;

28

D.     All word processing files, including prior drafts, "deleted" files and file fragments, containing information about or related to the subject matter of this Complaint;

E.     With regard to electronic data created by application programs which process financial, accounting and billing information, all electronic data files, including prior drafts, "deleted" files and file fragments, containing information about or related to the subject matter of this Complaint;

F.     All files, including prior drafts, "deleted" files and file fragments, containing information from electronic calendars and scheduling programs regarding or related to the subject matter of this Complaint;

G.     All electronic data files, including prior drafts, "deleted" files and file fragments about or related to the subject matter of this Complaint.

2.     **Online Data Storage on Mainframes and Minicomputers:** With regard to online storage and/or direct access storage devices attached to your mainframe computers and/or minicomputers: you are not to modify or delete any electronic data files, "deleted" files and file fragments existing at the time of service of the Summons and this Complaint upon you, which meet the definitions set forth in this notice, unless a true and correct copy of each such electronic data file has been made and steps have been taken to assure that such a copy will be preserved and accessible for purposes of this litigation.

3.     **Offline Data Storage, Backups and Archives, Floppy Diskettes, Tapes and Other Removable Electronic Media:** With regard to all electronic media used for offline storage, including magnetic tapes and cartridges and other media that at the time of service of the Summons and this Complaint upon you containing any electronic data meeting the criteria listed in paragraph 1 above: you are to stop any activity that may result in the loss of such electronic data, including rotation, destruction, overwriting and/or erasure of such media in whole or in part. This request is intended to cover all removable electronic media used for data storage in connection with your computer systems, including magnetic tapes and cartridges, magneto-optical disks, floppy diskettes and all other media, whether used with personal computers, minicomputers or mainframes or other computers, and whether containing backup and/or archive data sets and other electronic data, for all of your computer systems.

4.     **Replacement of Data Storage Devices:** You are not to dispose of any electronic data storage devices and/or media that may be replaced due to failure and/or upgrade and/or other reasons that may contain electronic data meeting the criteria listed in paragraph 1 above.

5.     **Fixed Drives on Stand-Alone Personal Computers and Network Workstations:** With regard to electronic data meeting the criteria listed in paragraph 1 above, which existed on fixed drives attached to stand-alone microcomputers and/or network

29

workstations at the time of service of the Summons and this Complaint upon you: you are not to alter or erase such electronic data, and not to perform other procedures (such as data compression and disk de-fragmentation or optimization routines) that may impact such data, unless a true and correct copy has been made of such active files and of completely restored versions of such deleted electronic files and file fragments, copies have been made of all directory listings (including hidden files) for all directories and subdirectories containing such files, and arrangements have been made to preserve copies during the pendency of this litigation.

6.    **Programs and Utilities:** You are to preserve copies of all application programs and utilities which may be used to process electronic data covered by this notice.

7.    **Log of System Modifications:** You are to maintain an activity log to document modifications made to any electronic data processing system that may affect the system's capability to process any electronic data meeting the criteria listed in paragraph 1 above, regardless of whether such modifications were made by employees, contractors, vendors and/or any other third parties.

8.    **Personal Computers Used by Your Employees and/or their Secretaries and Assistants:** The following steps should immediately be taken to safeguard all personal computers used by you, your employees and/or their secretaries and assistants.

A.    As to fixed drives attached to such computers: (I) a true and correct copy is to be made of all electronic data on such fixed drives relating to this matter, including all active files and completely restored versions of all deleted electronic files and file fragments; (ii) full directory listings (including hidden files) for all directories and subdirectories (including hidden directories) on such fixed drives should be written; and (iii) such copies and listings are to be preserved until this matter reaches its final resolution.

B.    All floppy diskettes, magnetic tapes and cartridges, and other media used in connection with such computers prior to the date of service of the Summons and this Complaint upon you containing any electronic data relating to this matter are to be collected and put into storage for the duration of this lawsuit.

9.    **Evidence Created Subsequent to This Notice:** With regard to electronic data created subsequent to the date of service of the Summons and this Complaint upon you, relevant evidence is not to be destroyed and you are to take whatever steps are appropriate to avoid destruction of evidence.

In order to assure that your obligation to preserve documents and things will be met, please forward a copy of this notice to all persons and entities with custodial responsibility for the items referred to in this notice.

30